**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

JONATHAN ERIC GARDINER,

Defendant.

24-cr-655-LJL (14)

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

## PRELIMINARY STATEMENT

Defendant Jonathan Eric Gardiner respectfully moves under Federal Rule of Criminal Procedure 7(f) for a focused bill of particulars. The operative S2 Indictment, filed June 16, 2026, charges Mr. Gardiner in a cocaine-importation conspiracy alleged to have spanned from approximately May 2021 through May 2026, a substantive firearms offense under 18 U.S.C. § 924(c), and a firearms conspiracy under 18 U.S.C. § 924(o). As to Mr. Gardiner, however, S2 identifies no particular shipment, meeting, communication, firearm, or charged co-conspirator with whom he allegedly agreed.

The Government has produced approximately one terabyte of discovery, Bates-stamped through USAO_007175, and, before S2 was returned, filed a May 14, 2026 complaint containing allegations concerning a February 2023 Georgia transaction, an iCloud account associated with a number ending in 6984, confidential-source information, and later communications referring to "Eric" and "Player." The defense, therefore, does not contend that the Government has disclosed no Gardiner-specific information. The problem is different: neither S2 nor a production of this extraordinary volume, without designation of the charged conduct, identifies which of those disparate allegations the Government contends constitute Mr. Gardiner's participation in the single conspiracy charged in S2, or the factual conduct underlying the two firearms counts.

The requested particulars are limited to the core facts necessary to identify the charged conduct. They do not seek the Government's witness list, confidential-source identities, all evidence, or a preview of trial strategy.

## ARGUMENT

### I. RULE 7(f) REQUIRES SUFFICIENT NOTICE OF THE CONDUCT THE DEFENDANT MUST DEFEND

A bill of particulars serves to identify the nature of the charge with sufficient precision to permit trial preparation, avoid unfair surprise, and protect against a later prosecution for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Although particulars are unnecessary when the indictment or an acceptable alternative supplies the needed information, the Government does not satisfy that obligation merely by producing a large body of discovery without designating the conduct it contends is criminal. *Id*. at 574–75.

Historically, the Second Circuit has held that a bill of particulars is necessary where the Government has produced a plethora of documents without specifically identifying the conduct that has resulted in the charges brought. *See Bortnovsky,* 820 F.2d 572 at 574-75 (reversing a conviction after the defendants received approximately 4,000 pages of documents but were not told which burglaries and documents the Government contended were fraudulent.); *United States v. Davidoff,* 845 F.2d 1151, 1154–55 (2d Cir. 1988) (reversing a conviction where the defendant was not given adequate notice of the discrete extortionate schemes the prosecution intended to prove.); *United States v. Urso,* 369 F. Supp. 2d 254 (E.D.N.Y. 2005) ("[A] bill of particulars is appropriately granted where the government's pre-trial discovery disclosures are so voluminous that the defendant remained in the dark about the specific acts of which he is accused."). Here, the production is vastly larger—approximately one terabyte, Bates-stamped through USAO_007175—making designation of the conduct actually charged, rather than mere access to an enormous evidentiary universe, particularly important. Merely providing documents in

discovery is insufficient, by the Second Circuits standards, when, as here the volume of documents is so vast.

A bill of particulars is especially necessary in broadly pleaded conspiracy charges. Where an indictment supplies virtually no factual detail, the defendant must be apprised in some acceptable form of the conduct allegedly undertaken in furtherance of the conspiracy. *United States v. Barnes*, 158 F.3d 662, 665–66 (2d Cir. 1998). Where information is necessary to provide adequate notice, it is not disqualified merely because disclosure may incidentally reveal evidence or aspects of the prosecution's theory. *Id*. at 665. *See also United States v. Nachamie*, 91 F. Supp. 2d 565, 571–73 (S.D.N.Y. 2000) (requiring identification of claims for which particular defendants would be held criminally responsible where the indictment and voluminous discovery did not adequately designate the charged conduct).

## II. S2 DOES NOT IDENTIFY THE CONDUCT ATTRIBUTED TO MR. GARDINER

S2 alleges a five-year international cocaine-importation conspiracy. However, it excludes crucial information: the approximate point at which Mr. Gardiner allegedly joined it, the charged defendants with whom he allegedly agreed, or the shipment or transaction through which he allegedly participated. A significant omission because the complaint, dated May 14, 2026, describes conduct arising from the separate Georgia investigation as well as later Bahamian-source allegations. The defense is entitled to know which of those events the Government contends are acts of participation in the conspiracy actually charged in S2.

The need for particulars is even stronger as to Counts Two and Three. S2 charges Mr. Gardiner with using, carrying, or possessing a firearm during and in relation to the charged drug-trafficking crime, and with conspiring to violate § 924(c), but it identifies no firearm, approximate date or location, predicate transaction, or person with whom Mr. Gardiner allegedly reached the firearms agreement. A focused identification of that conduct is necessary to permit a meaningful defense.

## III. THE REQUESTS ARE NARROWLY TAILORED AND DO NOT SEEK GENERAL DISCOVERY

The defense has deliberately narrowed the requests from the broader information that could be sought in discovery. It does not ask the Government to identify every overt act, every witness, every communication, every confidential source, or every item of proof. Instead, it asks the Government to designate the transactions, participants, aliases, and firearms conduct that define the accusation against Mr. Gardiner. Those are particulars of the charge, not interrogatories about how the Government intends to prove it.

## REQUESTED PARTICULARS

1. State the approximate date or time period in which the Government contends Mr. Gardiner joined the conspiracy charged in Count One and, in general terms, the act, communication, meeting, or agreement by which the Government contends he became a member.

2. Identify the defendant or defendants charged in S2 24 Cr. 655 with whom the Government contends Mr. Gardiner directly agreed to participate in the Count One conspiracy.

3. Identify each cocaine shipment, proposed shipment, or discrete narcotics transaction that the Government contends constitutes Mr. Gardiner's participation in Count One, by approximate date, location, and quantity, without requiring disclosure of the Government's evidence concerning that transaction.

4. State whether the February 2023 approximately nine-kilogram transaction described in the May 14, 2026 complaint is alleged to constitute Mr. Gardiner's participation in the conspiracy charged in Count One; if so, identify the charged S2 defendant or defendants, if any, whom the Government contends participated in or agreed with Mr. Gardiner concerning that transaction.

5. State whether the Government contends that the person identified in the investigative materials as "Progress" was Mr. Gardiner and, if so, identify the account or telephone number the Government contends he used in that capacity.

6. Identify the communication or meeting in which the Government contends the references to "Eric" or "Player" refer to Mr. Gardiner and constitute evidence of his participation in the charged S2 conspiracy, including the approximate date and participants.

7. With respect to the September 3, 2024 meeting described in the Government's warrant materials, state whether the Government contends Mr. Gardiner personally participated in that meeting or communicated directly with any participant in connection with the charged conspiracy; if so, identify the participant and approximate means of communication.

8. Identify the particular drug-trafficking transaction or conduct charged in Count One during and in relation to which the Government contends Mr. Gardiner used, carried, or possessed a firearm, or aided and abetted such conduct, as charged in Count Two, together with the approximate date and location.

9. Identify, in general terms, the firearm or type of firearm and the approximate date, location, and other alleged participant or participants underlying Count Two.

10. State the approximate date or time period and identify the alleged co-conspirator or co-conspirators with whom the Government contends Mr. Gardiner agreed to commit the § 924(c) offense charged as the object of Count Three.

11. State whether the Government contends Mr. Gardiner's presence on the May 12, 2026 domestic Bahamian flight, or any conduct by him associated with that flight before the aircraft emergency, was in furtherance of Count One; if so, identify in general terms the charged conduct the Government attributes to that flight.

12. To the extent the Government contends that the Count One conspiracy involving Mr. Gardiner is the same overarching agreement described in the allegations against the previously

charged defendants in 24 Cr. 655, identify the charged defendant or defendants through whom the Government contends Mr. Gardiner was connected to that agreement.

## CONCLUSION

For the foregoing reasons, Mr. Gardiner respectfully requests that the Court direct the Government to provide the foregoing focused particulars sufficiently in advance of trial to permit meaningful use of the information in preparing the defense.

## LOCAL CRIMINAL RULE 16.1 CERTIFICATION

Pursuant to Local Criminal Rule 16.1, undersigned and attorney Matthew Cohan, who is assisting undersigned in this matter, conferred via telephonic conference on October 15, 2026 with AUSA Julianna Murray. While the government suggests the parties reconvene on more particularized details, at this time these particular requests remain unresolved. Counsel will amend these requests should reconvening resolve these issues.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy has been electronically filed with the Clerk of the Court utilizing the CM/ECF system on this 16th day of October 2026.

Respectfully submitted,

**SUSY RIBERO-AYALA, P.A.**
121 Alhambra Plaza
Suite 1500
Coral Gables, Florida 33134
Telephone: (305) 854-4711
Facsimile: (305) 489-8101

By: /s/ *Susy Ribero-Ayala*
Susy Ribero-Ayala, Esquire
Florida Bar No. 993352
Sra@ralawmiami.com
*Attorney for Jonathan Eric Gardiner*