**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

JONATHAN ERIC GARDINER,

Defendant.

24 Cr. 655 (GHW)

**DEFENDANT'S MOTION TO COMPEL RULE 16, BRADY, AND GIGLIO DISCOVERY**

---

Defendant Jonathan Eric Gardiner respectfully moves under Federal Rule of Criminal Procedure 16, *Brady v. Maryland, Giglio v. United States,* and the Government's disclosure obligations for production of material concerning the May 12, 2026 flight, rescue, detention, arrest, searches, seizures, and subsequent forensic examination of his devices. The requested material bears directly on suppression, impeachment, the Government's account of the May 12 events, and the charged conspiracy.

## MATERIAL REQUESTED

1. Flight and aircraft records: flight plan; charter or ownership records; manifests; route and destination records; GPS, radar, transponder and tracking data; ATC communications; emergency calls; maintenance records relevant to the emergency; accident/incident reports; and records concerning the aircraft's legal operating status.
2. Pilot, crew, and passenger material: statements, interviews, reports, recordings, communications, benefits, promises, source/cooperator status, or law-enforcement direction concerning the pilot, crew, operator, or passengers.
3. Government knowledge before rescue: records showing when DEA, CBP, Coast Guard, military personnel, or any other United States agency first learned Mr. Gardiner was aboard the aircraft; communications concerning his identity, location, expected travel, apprehension, or property.

4. Rescue and transport: mission logs, coordinates, photographs, video, body-worn camera, radio traffic, dispatch records, rescue reports, transfer records, and communications identifying why and by whose decision Mr. Gardiner was transported to Florida.
5. Detention and immigration authority: records identifying the time Mr. Gardiner was first not free to leave; hospital guard logs and instructions; CBP records; immigration processing; parole documentation; detainers; warrants; communications concerning whether he would be returned to The Bahamas; and records distinguishing his treatment from that of the other rescued occupants.
6. Arrest and probable cause: records showing the asserted date and time of arrest, the officers involved, the legal authority for the arrest, the facts known to those officers at the time, and communications concerning the May 14 complaint and any subsequent arrest processing.
7. Property and chain of custody: inventories, receipts, photographs, evidence logs, transfer records, packaging records, and chain-of-custody documentation for the cross-body bag, phones, SIM cards, notebook, currency, and all other property.
8. Currency: all photographs of the currency before repackaging; inventories by denomination and package; records identifying which currency was inside the paper bag bearing Politician-1's name and which was elsewhere; records supporting the affidavit's approximate $30,000 description; and evidence tending to show legitimate business, campaign, banking, or other lawful source or purpose.
9. Pre-warrant access to phones and SIMs: all records, notes, logs, photographs, communications, or reports reflecting any search, unlocking, manual review, connection to forensic equipment, copying, previewing, or other access to the contents of Mr. Gardiner's devices or SIMs before issuance of 26 MAG 2075 on May 29, 2026, including the identity of the person who performed the access and the legal authority asserted for it.

10. Search-warrant execution: to the extent not already produced, records necessary to determine the scope and manner in which 26 MAG 2075 was executed, excluding information already reflected in the produced forensic reports concerning the later extraction dates.

11. Confidential-source material: to the extent material under Brady, Giglio, Rule 16, or applicable disclosure law: statements by CS-1, CS-2, CS-3 and other sources concerning Mr. Gardiner; inconsistent or exculpatory statements; source payment records; benefits, promises, charging considerations, reliability issues, prior false statements, deactivation/reactivation information, and communications bearing on attribution of telephone numbers or alleged meetings.

12. Other occupants and differential treatment: records concerning searches, seizures, interviews, detention, release, repatriation, or return to The Bahamas of the pilot and other passengers, including the basis for treating Mr. Gardiner differently.

## CONCLUSION

Mr. Gardiner respectfully requests prompt production sufficiently in advance of further suppression litigation and trial to permit meaningful investigation and use of the material.

## LOCAL CRIMINAL RULE 16.1 CERTIFICATION

Pursuant to Local Criminal Rule 16.1, undersigned and attorney Matthew Cohan, who is assisting undersigned in this matter, conferred via telephonic conference on October 15, 2026 with AUSA Julianna Murray. While the government suggests the parties reconvene on more particularized details, at this time these particular requests remain unresolved. Counsel will amend these requests should reconvening resolve these issues.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy has been electronically filed with the Clerk of the Court utilizing the CM/ECF system on this 16th day of October 2026.

Respectfully submitted,

**SUSY RIBERO-AYALA, P.A.**
121 Alhambra Plaza
Suite 1500
Coral Gables, Florida 33134
Telephone: (305) 854-4711
Facsimile: (305) 489-8101

By: /s/ *Susy Ribero-Ayala*
Susy Ribero-Ayala, Esquire
Florida Bar No. 993352
Sra@ralawmiami.com
*Attorney for Jonathan Eric Gardiner*