**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

JONATHAN ERIC GARDINER,

Defendant.

24-cr-655-LJL (14)

**DEFENDANT'S CONDITIONAL MOTION FOR A MONSANTO HEARING CONCERNING SEIZED CURRENCY**

Defendant Jonathan Eric Gardiner respectfully moves, if the Government contends that currency seized from him is restrained as property forfeitable under 21 U.S.C. § 853 or related authority and therefore unavailable to fund counsel of choice, for an adversarial hearing under *United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991) (en banc), and *United States v. Bonventre*, 720 F.3d 126 (2d Cir. 2013).

## ARGUMENT

Monsanto permits pretrial restraint of assets shown to be traceable to the charged offense even where a defendant wishes to use those assets for attorney's fees. *United States v. Monsanto*, 491 U.S. 600 (1989). The Second Circuit, however, requires an adversarial procedure where the defendant makes the required threshold showing and contests the forfeitability of assets needed to retain counsel. Monsanto, 924 F.2d at 1195–98; *Bonventre,* 720 F.3d at 131–32.

The defense relies on the Bank of The Bahamas receipt documenting a B$20,000 withdrawal from the Top Notch Builders Limited account on May 11, 2026, and the Government's acknowledgment that defense counsel had provided evidence of that withdrawal. Tr. 16:21–23 (June 25, 2026). Defense counsel also distinguished the B$5,000 in the politician-labeled envelope from the other currency. Id. at 12:1–9. These materials warrant a particularized tracing inquiry if the Government asserts a forfeiture restraint.

The defense does not seek to relitigate the grand jury's probable-cause determination that the charged offense occurred. *See Kaley v. United States,* 571 U.S. 320 (2014). The disputed issue

is the nexus between the specific seized currency and the alleged offense—particularly where objective banking records may establish a recent legitimate business withdrawal and where the packaging and source of the currency are disputed.

Unrestrained, untainted property stands on a different constitutional footing from tainted proceeds. *See Luis v. United States,* 578 U.S. 5 (2016). Accordingly, if the Government claims a right to restrain currency that is not traceable to the charged crime merely because substitute assets might ultimately be sought, the defense requests release of the untainted funds subject to the governing forfeiture statutes.

A hearing is conditional upon an actual governmental restraint that prevents use of the identified assets for counsel and a threshold showing that the defendant lacks sufficient alternative, unrestrained assets to retain counsel of choice. *See United States v. Bonventre*, 720 F.3d 126, 131–32 (2d Cir. 2013). The requested hearing would address probable cause for the property's forfeitable nexus, not permit a collateral challenge to the grand jury's determination of probable cause to charge the offenses. *See Kaley v. United States*, 571 U.S. 320, 328–35 (2014).

**CONCLUSION**

Alternatively, the Court should direct the Government to state whether the currency is held only as evidence, subject to a seizure warrant, administratively forfeited, or restrained under 21 U.S.C. § 853 or another identified authority, and permit a supplemental submission after that disclosure.

If the Government claims that the seized currency is presently restrained as forfeitable property and unavailable for defense fees, Mr. Gardiner respectfully requests a prompt Monsanto hearing at which the Government must establish the required nexus between the property and the charged offense, together with such further relief as the Court deems appropriate.

**LOCAL CRIMINAL RULE 16.1 CERTIFICATION**

Pursuant to Local Criminal Rule 16.1, undersigned and attorney Matthew Cohan, who is assisting undersigned in this matter, conferred via telephonic conference on October 15, 2026 with AUSA Julianna Murray. While the government suggests the parties reconvene on more particularized details, at this time these particular requests remain unresolved. Counsel will amend these requests should reconvening resolve these issues.

**CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED** that a true and correct copy has been electronically filed with the Clerk of the Court utilizing the CM/ECF system on this 16th day of October 2026.

Respectfully submitted,

**SUSY RIBERO-AYALA, P.A.**
121 Alhambra Plaza
Suite 1500
Coral Gables, Florida 33134
Telephone: (305) 854-4711
Facsimile: (305) 489-8101

By: /s/ *Susy Ribero-Ayala*
Susy Ribero-Ayala, Esquire
Florida Bar No. 993352
Sra@ralawmiami.com
*Attorney for Jonathan Eric Gardiner*